UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY FIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6815 c/w**<br>**09-6819, 09-6823,**<br>**09-6824, 09-6825,**<br>**09-6826, 09-6827** |
| **MARKEL INSURANCE COMPANY,**<br>**ET AL** | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court in each of these consolidated cases is a motion to remand the suit to state court. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motions.

### BACKGROUND

Troy Fields insured a number of different properties in one insurance policy issued by Markel International Insurance Company, Ltd. On August 29, 2009, Troy Fields filed in state court a separate suit for each property seeking to recover under the insurance policy for hurricane damage sustained by the property. In each suit Troy Fields named Markel Insurance Company, Markel Service, Incorporated, and Markel International Insurance Company, Ltd. as defendants.

Mr. Fields attempted to obtain service on the defendants through the Louisiana Secretary of State's office. A deputy from the East Baron Rouge Parish Sheriff's Office provided the Louisiana Secretary of State with a copy of the citations and petitions on September 8, 2009. That same day, the Louisiana Secretary of State's office rejected the request for service stating that the "Secretary of State cannot serve more than one defendant per any one citation. Please resubmit

suit with only the one defendant you choose to serve." (Doc. 11-10, Exhibit 6). On September 14, 2009, counsel for plaintiff wrote the Louisiana Secretary of State's office and advised that it should serve Markel International Insurance Company, Ltd. in each suit. (Doc. 11-11, Exhibit 7). On September 17, 2009, the Louisiana Secretary of State sent Markel International Insurance Company, Ltd. the appropriate citation in each suit, . (Doc. 11-12, Exhibit 8).

On October 14, 2009, all defendants removed each of the state court suits to this Court alleging diversity of citizenship (28 U.S.C. §1332) as the basis for federal jurisdiction. Thereafter plaintiff filed an identical motion to remand in each of the consolidated cases urging that defendants did not timely remove the cases. Additionally, plaintiff contends that even if defendants timely removed the suits that remand is nonetheless necessary because diversity of citizenship is lacking and because plaintiff cannot satisfy the requisite $75,000.00 amount in controversy for each defendant.

## LAW AND ANALYSIS

a) Timeliness of the Removal

Title 28 U.S.C. §1446(b) provides in pertinent part that "[t]he notice of removal in a civil suit . . . shall be filed within thirty days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based . . . ." Plaintiff urges that the thirty day period for removal began to run on September 8, 2009, the day that the East Baron Rouge Parish Sheriff's officer served the Louisiana Secretary of State with the citations and petitions for Markel Insurance Company. Defendants on the other hand contend that the thirty day period for removal began to run from the date that the defendant is actually served.

2

The Court has previously held that "the thirty day period commences upon actual receipt of formal service by the named defendant as opposed to service upon the statutory agent." *Martin & Pannagl, Ltd. v. Scottsdale Insurance Company*, 2007 WL 7080780 at *2 (E.D. La. March 5, 2007); see also *Backes v. Colonial Life & Accident Insurance Co.*, 2006 WL 901799 (E.D. La. April 4, 2006). There is no reason to deviate from that position in these cases. It is undisputed that Markel International Insurance Company, Ltd., the only entity actually served, did not receive notice of the suits until it received a copy of the petition from the Secretary of State's Office at some point after September 17, 2009. Because defendants effected the removals less than 30 days after Markel International Insurance Company, Ltd. received a copy of the suits, the removals were timely under §1446.

b) Lack of Diversity Jurisdiction

Plaintiff's contention that diversity jurisdiction is lacking flows from his belief that the insurance policy at issue is a "typical Lloyds [of London] policy" and that as such the citizenship of each individual underwriter of the policy ( herein after referred to as "Names") must be considered in determining whether diversity of citizenship exists. Plaintiff then asserts that "it is believed that certain individual Names of Syndicates are citizens of Louisiana." Doc. 8-2, p. 5. Plaintiff also urges that because the Names are not jointly liable for any amount owed to plaintiff that he may not aggregate his claims against multiple Names to satisfy the requisite $75,000.00 amount in controversy.

In support of his assertion that Markel International Insurance Co., Ltd. is affiliated with "Certain Underwriters at Lloyd's, London " plaintiff relies upon the Markel International, Ltd.

3

website which indicates that Markel International Ltd. operates through two entities in the United Kingdom: 1) Markel International Insurance Co., Ltd, and 2) Markel Syndicate 3000, a 100% owned Lloyd's corporate syndicate. The web site clearly states that Markel International Insurance Co., Ltd., one of the defendants herein, and Markel Syndicate 3000 are separate entities. It is significant that Markel Syndicate 3000 is not a defendant in these suits. Moreover, other than the information from the Markel International. Ltd. website, plaintiff does not offer any information suggesting that Markel International Insurance Co., Ltd. is affiliated with Lloyds. In contrast, defendants have submitted the affidavit of Joseph C. Gebara, in-house counsel for Markel International Insurance Co., Ltd., which states:

- Markel International Ltd. is a London based subsidiary for the international operations of Markel Corporation, the international property and casualty insurance group headquartered in Virginia;
- Markel International Ltd. operated in the United Kingdom through two commercial entities, Markel International Insurance Company, Ltd., its London based insurance company and Markel Syndicate 3000, a 100% owned Lloyd's corporate syndicate;
- Markel International Insurance Company, Ltd. is the insurance company that wrote each insurance policy involved in these suits;
- Markel International Insurance Company, Ltd. is a corporation formed under the laws of the United Kingdom;
- "Markel International Insurance Company, Ltd. is not a Lloyd's corporate syndicate . . . . does not issue or bind policies through Lloyd's and does not otherwise participate in Lloyd's"; and
- Markel Syndicate 3000, which is a Lloyd's corporate syndicate, has no involvement in the policies at issue in this case.

Given the lack of evidence suggesting that Markel International Insurance Co., Ltd. is a Lloyd's syndicate and Mr. Gebara's affidavit expressly stating that Markel International Insurance Co., Ltd.

4

"is not a Lloyd's corporate syndicate" and "does not issue or bind policies through Lloyd's and does not otherwise participate in Lloyd's" there is no reasonable basis to conclude that Markel International Insurance Co., Ltd. is affiliated with Lloyd's in any manner that would affect diversity jurisdiction.[1] The evidence establishes that Markel International Insurance Co., Ltd. is a citizen of the United Kingdom for purposes of determining whether diversity jurisdiction exists. Thus, it is clear that complete diversity of citizenship exists. Accordingly, the motions to remand should be denied.

New Orleans, Louisiana, this 12th day of January, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because Markel International Insurance Company, Ltd. is not a Lloyd's syndicate, the Court need not address plaintiff's contention regarding whether plaintiff's claim satisfies the amount in controversy requirement of diversity jurisdiction.