# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY FIELDS** | **CIVIL ACTION** |
| VERSUS | No. 09-6815 c/w |
| | 09-6819, 09-6823, |
| **MARKEL INSURANCE COMPANY, ET AL** | 09-6824, 09-6825 |
| | 09-6826, 09-6827 |
| | SECTION "K"(2) |

## ORDER AND OPINION

Before this Court is the "Renewed Motion to Remand" filed on behalf of plaintiff Troy Fields (Doc. 48). Having reviewed the pleadings, memoranda, and relevant law, this Court, for the reasons assigned, denies the motion.

## BACKGROUND

Troy Fields insured multiple properties in one insurance policy issued by Markel International Insurance Company, Ltd. A number of the properties sustained wind damage as a result of Hurricanes Katrina, Rita, and Gustav. On August 29, 2009, Mr. Fields filed a separate suit in state court for each of the damaged properties alleging that the defendants "negligently acted in an arbitrary and capricious manner and failed to provide petitioner will all layers of coverage issued under said policy" including coverage for property damage, loss of use of property, mold remediation, loss of contents, debris removal, and "all other coverage that was listed in said policy of insurance." (Doc. 1-2 paragraph 5). Additionally, Mr. Fields sued for penalties, attorney's fees, and other measures permitted under the Louisiana Insurance Code (Doc. 1-2 paragraph 6).

In each suit, Troy Fields named Markel Insurance Company, Markel Service, Incorporated, and Markel International Insurance Company, Ltd. (hereinafter collectively "Markel") as a defendant. Markel removed the suits to this Court, and the Court consolidated the cases. Prior to

consolidation, Mr. Fields filed a motion to remand in each suit urging that removal was untimely and diversity of citizenship was lacking. This Court denied the motions. *Fields v. Markel Ins. Co.*, 2010 WL 148293 (E.D.La. Jan. 12, 2010).

On March 3, 2010, Markel filed a motion for summary judgment seeking to dismiss the consolidated suits (Doc. 45). The next day, Mr. Fields filed a stipulation (Doc. 46) stating that the monetary award sought for each insured property does not exceed $75,000 per claim. Plaintiff has since filed the instant "Renewed Motion to Remand" challenging the subject matter jurisdiction of this Court. Specifically, he relies upon his previously filed stipulation asserting that the amount in controversy does not meet the jurisdictional requirement of 28 U.S.C. §1332(a), i.e., $75,000, exclusive of interests and costs .

## LAW AND ANALYSIS

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. 28 U.S.C. §1441(a). The burden of establishing that federal jurisdiction exists rests on the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A court must consider the claims in the state court petition as they existed at the time of removal in order to determine whether jurisdiction is present for removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*

The Fifth Circuit generally looks to the state court petition to determine the amount in controversy. *Id.* Louisiana law, however, does not allow plaintiffs to plead a specific amount of money damages. La. Code Civ. P. article 893(A)(1). Therefore, where, as here, the plaintiff has not

2

specified the amount of monetary damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The defendant may make this showing either (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Id.*(quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

To determine if it is facially apparent that a complaint satisfies the amount in controversy requirement, the court may consider both the types of injuries alleged by the plaintiff and the types of damages requested. <u>Corkern v. Outback Steakhouse of Florida, Inc.</u>, 2006 WL 285994 at *3 (E.D.La. Feb. 6, 2006) (citing, e.g., *Simon v. Wall-Mart Stores, Inc.,* 193 F.3d at 850-51). If the defendant meets his burden of showing the requisite amount in controversy, the plaintiff must then show that it is "legally certain" that he will recover less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d at 1412. Furthermore, once federal jurisdiction has been established, subsequent events that reduce the amount in controversy to below $75,000 generally do not deprive the court of jurisdiction. <u>Gebbia v. Wal-Mart Stores, Inc</u>., 233 F.3d 880, 883 (5th Cir. 2000). When it is clear from the face of the complaint that the amount in controversy meets the jurisdictional requirement, post-removal stipulations, affidavits, and amendments reducing the amount do not deprive the district court of jurisdiction. *Id*.(citing *St. Paul Mercury Indem. Co. v. Red. Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

Here, in each petition plaintiff alleges that he seeks to recover for property damage, loss of use of the property, mold remediation, loss of contents, and the cost of debris removal.

3

Additionally, plaintiff alleges in each petition that he seeks to recover penalties and attorney's fees under the "Louisiana Insurance Code for failure to adjust claims in a fair and reasonable way and to pay plaintiff's [sic] in a timely fashion." Considering the types of damages sought in connection with each property and plaintiff's allegations that he is entitled to statutory penalties and attorneys fees under Louisiana law, it is clear from the face of the petitions in these consolidated cases that the amount in controversy in each case exceeds $75,000,00 exclusive of interest and costs. Accordingly,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiff Tony Fields in each of these consolidated case is DENIED.

New Orleans, Louisiana, this 21st day of April, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE