UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY FIELDS                                                 CIVIL ACTION

VERSUS                                                      NO.  09-6815
                                                            & consol'd cases

MARKEL INSURANCE                                            SECTION "K" (2)
COMPANY ET AL.

# ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:       Plaintiff's Motion to Supplement and Amend Petition, Record Doc. No. 54

O R D E R E D:

 XXX : DENIED.  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (quotations omitted) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic."  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  Id.

   In this case, some of the factors militate in favor of permitting the amendment. On one hand, no scheduling order setting a deadline for amendments has yet been entered, so that I can find no undue delay, bad faith or dilatory motive, and no prior amendment has been permitted.

On the other hand, the prejudice and futility factors weigh heavily against permitting the amendment. As Judge Duval has previously stated, the original consolidated lawsuits sought damages against various related "Markel" insurance entities on grounds that plaintiff "Troy Fields insured multiple properties <u>in one insurance policy</u> issued by Markel" . . . and "the properties sustained wind damage as a result of Hurricanes Katrina, Rita and Gustav." Record Doc. No. 59 (Order and Opinion dated April 21, 2010 at p. 1 (Duval, J.)(emphasis added). As the court knows, Hurricanes Katrina and Rita occurred in close proximity in time during late August-September 2005, while Hurricane Gustav occurred three years later. The current amendment seeks to add five (5) <u>non</u>-Markel entities as defendants on grounds that they, <u>not</u> Markel, insured the properties during Hurricane Gustav, under separate polices. There is no allegation that these five (5) <u>non</u>-Markel entities had any kind of coverage in place during Hurricanes Katrina and/or Rita three years earlier or were involved with plaintiff in any way during those earlier storms. In fact, plaintiff's motion concedes that "the subject properties were in fact insured during Gustav, <u>though not by Markel</u>." Record Doc. No. 54-1 at p. 1 (emphasis added). Thus, what would be litigated together with the original allegations if these five (5) proposed new defendants (with no connection to Markel) were added would be insurance policies entirely different and separate from the "one insurance policy" Judge Duval previously identified as a significant common factor in these consolidated matters and separate alleged damage occurring from a much later storm, Hurricane Gustav. Under these circumstances, I find that permitting the addition of these five (5) <u>non</u>-Markel defendants to these consolidated cases would be a misjoinder of defendants and claims, Fed. R. Civ. P. 20(a)(2) and 21, which would severely prejudice the defendants. Such prejudice outweighs the other Rule 15 factors, and this part of the motion is denied on that ground.

The motion also "seeks to add as a defendant, Markel Corporation as the parent corporation of the Markel defendants" exclusively on the ground that "[t]he Fifth Circuit has upheld a finding that a parent company is in privity with its wholly-owned subsidiary. <u>Astron Industrial Associates, Inc. v. Chrysler Motors Corp.</u>, 405 F.2d 958, 961 (5th Cir. 1968)." Record Doc. No. 54-1 at p. 2 (Plaintiff's Memorandum in Support of Motion to Supplement and Amend Petition). Neither the cited decision nor the "privity" proposition relied upon by plaintiff have anything to do with the situation presented by the instant lawsuit or this motion. The mere allegation that Markel Corporation is the parent corporation of subsidiaries with whom plaintiff allegedly contracted for insurance coverage, which is the only allegation of any kind made in the proposed amendment against this new defendant, is wholly insufficient to state a claim upon which relief might be granted. <u>Stripling v. Jordan Prod. Co., LLC</u>, 234 F.3d 863, 872-73 (5th Cir. 2000) ("'futility' in this context . . . mean[s] that the amended complaint

would fail to state a claim upon which relief could be granted. . . , to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)."). In two recent decisions, the United States Supreme Court clarified the Rule 12(b)(6) standard. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Fifth Circuit has explained the Supreme Court's current standard as follows.

> "Factual allegations must be enough to raise a right to relief above the speculative level." . . . "'[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" The Supreme Court in Iqbal explained that Twombly promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. First, we must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." Legal conclusions "must be supported by factual allegations."
>
> Upon identifying the well-pleaded factual allegations, we then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Rhodes v. Prince, No. 08-10794, 2010 WL 114203, at *1-2 (5th Cir. Jan. 12, 2010) (quoting Iqbal, 129 S. Ct. at 1949, 1950; Twombly, 550 U.S. at 555; Gonzales v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)) (citing Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)). Nothing in the proposed amended complaint seeking to add the parent corporation meets this Rule 12(b)(6) standard. Therefore, the amendment fails to state a claim upon which relief could be granted against Markel Corporation and is futile insofar as it seeks to assert a claim against the parent corporation.

New Orleans, Louisiana, this ___28th___ day of April, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

3