# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY FIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-6815 c/w**<br>**09-6819, 09-6823,**<br>**09-6824, 09-6825,**<br>**09-6826, 09-6827** |
| **MARKEL INSURANCE COMPANY,**<br>**ET AL** | **SECTION "K"(2)** |

## ORDER AND OPINION

Before the Court in each of these consolidated cases is a motion for summary judgment filed on behalf of defendants Markel Insurance Company, Markel Service, Inc., and Markel International Insurance Company, Limited ("Markel International)(Doc. 45). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

Troy Fields insured a number of different properties in one insurance policy issued by Markel International Insurance Company, Limited. On August 29, 2009, Troy Fields filed in state court a separate suit for each property seeking to recover under the insurance policy for damages sustained by the property as a result of Hurricanes Katrina, Rita, and Gustav. In each suit Troy Fields named Markel Insurance Company, Markel Service, Inc., and Markel International Insurance Company, Ltd. as defendants. Thereafter defendants removed each of the suits to this Court.

The three defendants filed a joint motion for summary judgment seeking dismissal of all claims against them. Defendants Markel Insurance Company and Markel Service, Inc. contend that summary judgment is appropriate as to them because they never insured any of the properties for which damages are sought, and Markel International asserts that it is entitled to be dismissed

because the claims against it are prescribed.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Stults v. Conoco, 76 F.3d 651 (5th Cir.1996), (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986). Finally, this Court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## CLAIMS AGAINST MARKEL INSURANCE COMPANY AND MARKEL SERVICES, INC.

In support of their motion for summary judgment, Markel Insurance Company and Markel Services, Inc. submitted the affidavit of Dave Washburn, a claims manager for Markel International, which states, in pertinent part that "[n]either Markel Insurance Company nor Markel Service, Inc. ever issued a policy of insurance to Troy Fields." Because plaintiff does not offer any competent Rule 56 evidence which raises a genuine issue of material fact that Markel Insurance Company or Markel Service, Inc. ever insured any of the damaged properties, those defendants are entitled to summary judgment

## CLAIMS AGAINST MARKEL INTERNATIONAL

Markel International concedes that for the period June 22, 2005 - June 22, 2007 it insured the properties for which plaintiff seeks damages; however, it contends that after June 22, 2007 it did not insure the properties, and therefore plaintiff cannot recover any damages resulting from Hurricane Gustav. Markel International asserts that plaintiff's claims against it for damages resulting from Hurricane Katrina or Hurricane Rita are time barred.

In support of its motion, Markel International submitted the affidavit of Dave Washburn stating, in pertinent part:

- Markel International issued a policy to Troy Fields for the policy period of June 22, 2005 through June 22, 2006;
- "Upon the expiration of Markel International Insurance Company Limited Policy number DH4501 on June 22, 2006, Troy Fields renewed his policy with Markel International under policy number DH4880, with an effective policy period of June 22, 2006 to June 22, 2007"; and
- Troy Fields thereafter did not renew his policy with Markel International Insurance Company.

Doc. 45-1. Plaintiff has not submitted any evidence even suggesting that at the time of Hurricane

Gustav Markel International Insurance had in effect an insurance policy on the buildings for which he seeks damages in this suit. Therefore, Markel International is entitled to summary judgement on plaintiff's claims against it with respect to any damages resulting from Hurricane Gustav.

With respect to plaintiff's claims for damages due to Hurricane's Katrina and Rita, Markel International asserts the plaintiffs claims for damages arising from Hurricane Katrina and Hurricane Rita are untimely and therefore must be dismissed. The applicable policy provides that legal action must be brought within two years "after the date on which the direct physical loss or damage occurred." Doc. 45-2. The Louisiana Legislature extended the contractual period for filing claims arising from Hurricane Katrina and Hurricane Rita until September 1, 2007 and October 1, 2007 respectively. Plaintiff did not file these suits until August 25, 2009, far beyond the applicable prescriptive periods.

Plaintiff, relying on Article 596 of the Louisiana Code of Civil Procedure, contends that these suits are timely because the filing of the "Insurance Master Consolidated Class Action Complaint" in the In Re: Katrina Canal Breaches Consolidated Litigation, No. 05-4182 (E.D. La.)(Doc. 3413) interrupted the running of the prescriptive period with respect to plaintiff's claims for damages. Article 596 provides, in pertinent part, that "[l]iberative prescription on the claims arising out of the transactions or occurrences described in the petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class" and begins to run again only upon the happen of certain designated events, not relevant to this case.

Defendant urges that Article 596 is inapplicable to these cases because it does not suspend a contractual limitations period, such as the one in the policy applicable to plaintiff's claims. The Court need not engage in an extensive analysis of whether Article 596 suspends the contractual

4

limitation period. Because Markel International is not named as a defendant in the Insurance Master Consolidated Class Action Complaint, the filing of that class action has no impact on the running of the limitation period with respect to plaintiff's claims against Markel International. Because plaintiff filed these suits long after the expiration of the applicable limitation periods of the claims arising for damages resulting from Hurricane Katrina and Hurricane Rita, the suits are untimely. Markel International is entitled to summary judgment. Accordingly,

**IT IS ORDERED** that plaintiff Troy Fields claims against Markel Insurance Company, Markel Service, Inc. and Markel International Insurance Company, Ltd. are hereby dismissed with prejudice.

New Orleans, this 4th day of May, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE